J-S13022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK CARL MEANOR | : | |
| | : | |
| Appellant | : | No. 1089 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 25, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000335-2015

BEFORE:   BENDER, P.J.E., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                    FILED MAY 8, 2019

Patrick Carl Meanor appeals from the judgment of sentence imposed June 25, 2018, in the Jefferson County Court of Common Pleas, following the revocation of his sentence to the State Intermediate Punishment ("SIP") program, and made final by the denial of post-sentence motions on July 18, 2018.   The court sentenced Meanor to a term of five to 15 years' imprisonment.  Contemporaneous with this appeal, Meanor's counsel has filed a petition to withdraw from representation and an Anders brief.  See Anders v. California, 386 U.S. 738 (1967); Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981).  The sole issue addressed in the Anders brief is a challenge to the discretionary aspects of Meanor's sentence. For the reasons below, we affirm, and grant counsel's petition to withdraw.

_____
*   Retired Senior Judge assigned to the Superior Court.

The facts of Meanor's underlying conviction are not pertinent to our disposition of his appeal. With regard to the procedural history of his case, on September 16, 2015, Meanor pled guilty to one count of delivery of a controlled substance (heroin).[1] That same day, the court sentenced him to serve a term of three months to two years less one day in county jail, followed by a consecutive period of three years' probation plus one day. On December 16, 2015, Meanor admitted to his first probation/parole violation, and the trial court revoked the parole portion of his sentence and recommitted him to county jail for 30 days.[2] Subsequently, on June 16, 2016, Meanor admitted to committing a technical violation of his probation/parole and on September 16, 2016, he was sentenced to the SIP program for two years split with three years' probation under the same terms and conditions as previously ordered.

Thereafter, Meanor was expelled from the SIP program for "a pattern of violations which included receiving new criminal charges, failing to report an arrest, hospitalization for severe intoxication, numerous positive urine analysis results, numerous occasions of suspected impairment, nodding off during treatment sessions, missing treatment sessions and adulterating a urine sample." N.T., 6/25/2018, at 3. Meanor was also found to be in

_____

[1] See 35 P.S. § 780-113(a)(30).

[2] The probation portion of his sentence remained intact. See Gagnon Order, 12/17/2015.

possession of contraband – synthetic marijuana, syringes, and rolling papers. Id. Following a Gagnon[3] hearing on June 25, 2018, the court sentenced Meanor to a term of five to 15 years' incarceration with credit for time served, and a recommendation for motivation boot camp.

On July 13, 2018, Meanor filed a motion for reconsideration of sentence nunc pro tunc. On July 18, 2018, the court granted the request to file the motion nunc pro tunc, but, otherwise denied the motion in its entirety. This appeal followed.[4, 5]

Preliminarily, we note that when counsel files a petition to withdraw and accompanying Anders brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. See Commonwealth v. Bennett, 124 A.3d 327, 330 (Pa. Super. 2015). Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in Anders, supra, and its progeny. Specifically, counsel requested permission to withdraw based upon his determination that the appeal is "wholly frivolous," filed an Anders brief pursuant to the dictates of Commonwealth v. Santiago, 978 A.2d 349, 361

_____

[3] See Gagnon v. Scarpelli, 411 U.S. 778 (1973).

[4] On July 27, 2018, the trial court ordered Meanor to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Meanor filed a concise statement on August 14, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 11, 2018.

[5] The Commonwealth did not file an appellee's brief in this matter.

(Pa. 2009), furnished a copy of the Anders brief to Meanor and advised Meanor of his right to retain new counsel or proceed pro se.   See Commonwealth v. Cartrette, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc).   Moreover, our review of the record reveals no correspondence from Meanor responding to the Anders brief.   Accordingly, we will proceed to examine the issue counsel identified in the Anders brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous."  Commonwealth v. Yorgey, 188 A.3d 1190, 1195 (Pa. Super. 2018) (en banc).[6]

The only issue identified in counsel's Anders brief challenges the discretionary aspects of Meanor's sentence.  Anders Brief at 10.  Specifically, counsel states:

> [Meanor] argues that the five (5) to fifteen (15) year sentence was not warranted.  Nothing was shown to indicate that he was likely to commit a new offense, and the Court's authority could be vindicated with a sentence considerably less than the five (5) to fifteen (15) year sentence that was imposed.
>
> Counsel for [Meanor] avers that the Court's reasons as enumerated in the Sentencing Transcript (Pages 8 & 9), and the Pa.R.A.P. 1925(a) Opinion were sufficient justification for the sentence imposed.
>
> The current violation was [Meanor]'s third tehnical violation, and he would be eligible for parole in less than a year and a half (Sentencing Transcript pages 8 & 9).

_____

[6]  See also Commonwealth v. Dempster, 187 A.3d 266 (Pa. Super. 2018) (en banc).

It cannot be said that, under the circumstances, the sentence is excessive or manifestly unreasonable.

Id. at 10-11.

A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." Commonwealth v. Best, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

Commonwealth v. Edwards, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), appeal denied, 81 A.3d 75 (Pa. 2013).

Meanor complied with the procedural requirements for this appeal by filing a post-sentence motion for reconsideration of sentence, and subsequent notice of appeal, and by including in his appellate brief a statement of reasons relied upon for appeal pursuant to Commonwealth v. Tuladziecki, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must determine whether he has raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms

underlying the sentencing process." Commonwealth v. Ventura, 975 A.2d 1128, 1133 (Pa. Super. 2009), appeal denied, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, the trial court imposed a sentence of total confinement that was based on technical violations. A panel of this Court has previously stated: "The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'" Commonwealth v. Crump, 995 A.2d 1280, 1282 (Pa. Super. 2010), quoting Commonwealth v. Sierra, 752 A.2d 910, 913 (Pa. Super. 2000). Accordingly, Meanor has raised a substantial question and we may continue with the merits of his appeal.

Similar to the revocation of a probationary sentence, when a trial court revokes an SIP sentence, "the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S. § 9774(c). Moreover,

> [w]hen imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771. Commonwealth v. Ferguson, supra. Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:
>
> 1. the defendant has been convicted of another crime; or
>
> 2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> 3. such a sentence is essential to vindicate the authority of this court.

> See also Commonwealth v. Coolbaugh, 2001 PA Super 77, 770 A.2d 788 (Pa. Super. 2001).
>
> A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. Commonwealth v. Malovich, 2006 PA Super 183, 903 A.2d 1247 (Pa.Super. 2006).

Crump, 995 A.2d at 1282-1283. See also Commonwealth v. Pasture, 107 A.3d 21, 27-28 (Pa. 2014).

Here, the trial court disclosed its reasons for the imposition of Meanor's sentence at the June 25, 2018, Gagnon/Re-Sentencing hearing:

> Well, part of the situation that I consider is I sent you to complete the SIP program, and you cannot complete it. So I'm not necessarily making a finding that -- there was a whole laundry list of things, and I heard your explanation that [the adult probation officer] read. It could have just been any one of those issues that expelled an appeal to that expulsion.
>
> You can't complete the program under the conditions being set forward. It's actually their program. So I do think there needs to be some penalty for that, and that would call for revocation.
>
> I also think that, obviously, people will tell you addiction is a lifelong struggle. And I think that even if part of those were true, and from what you've admitted, it sounds like you're having trouble complying with the guidelines with where you're supposed to be at and when, even before this violation happened.
>
> So I do think that the recommendation is appropriate, revoke your SIP and probation and sentence you to no less than five (5) nor more than fifteen (15) years in a state correctional institution with credit for all the time served, including the time you served in rehab. You're [Recidivism Risk Reduction Incentive (RRRI) Act] eligible at fifty (50) months. You'll have a recommendation for motivational boot camp.

N.T., 6/25/2018, at 8-9.

Additionally, in its Rule 1925(a) opinion, the court explained:

> This was not the Court's first encounter with [Meanor]. On account of prior probation violation, the last of which resulted in him being sentenced to the SIP program, the Court was aware of his background and such other factors as were relevant to its sentencing decision, and it is thus presumed to have appropriately considered them. Commonwealth v. Fowler, 893 A.2d 758 (Pa. Super. 2006). It was also aware that he continued to struggle with addiction despite the benefit of nearly two years in the SIP program – a program to which he was committed because he could not manage his addiction while out on parole. Stricter measures thus were necessary. Nonetheless, the Court tempered its judgment to reflect its understanding of the circumstances at hand.
>
> As part of its sentence, the Court made [Meanor] boot camp-eligible, thereby affording him one additional opportunity to take advantage of a more treatment-based program through which he could hopefully learn to control his addictive impulses even amidst the pressures of everyday life. Should he decline to apply or not qualify, however, the sentence would ensure that he would remain in a setting that denied him access to drugs until the Parole Board was satisfied that his conditional release was appropriate. It further ensured that his actions would be monitored thereafter to guarantee, to the extent possible, that he would continue as a law-abiding citizen.
>
> Being RRRI-eligible at fifty months from the date of sentence, approximately three of which have now expired, [Meanor] could potentially qualify for parole less than a year from now. In large part, that is up to him. Whatever choices he makes moving forward, however, the fact is that the Court's sentence was neither uninformed nor manifestly unreasonable. On the contrary, and as the record demonstrates, it was tailored to address [Meanor]'s particular struggles and rehabilitative needs while providing a level of protection for the persons who may suffer the consequences if he is released without the skills to manage his addiction and forego the kind of criminal activity it has occasioned.

Trial Court Opinion, 9/11/2018, at 1-2

Based upon our standard of review and our examination of the record, we conclude neither the sentence imposed, nor the court's reasons therefor, demonstrate an abuse of discretion in resentencing Meanor following the revocation of his SIP program sentence. Although he committed technical violations, as indicated by the trial court, he was provided numerous opportunities by the court to succeed at probation/parole and he failed to so each time. Moreover, it merits mention that Meanor originally pled guilty to one count of delivery of a controlled substance (heroin) and his subsequent violations of probation/parole all involved narcotics or related activity. Consequently, the trial court properly found the issuance of total confinement was necessary because Meanor's actions indicate it is likely he could commit another crime and/or based upon his repeated violations, such a sentence is essential to vindicate the authority of the court. See 42 Pa.C.S. § 9771(c). Accordingly, Meanor is entitled to no relief on this claim.

Lastly, in accordance with Yorgey, supra, we have independently reviewed the certified record in order to determine if counsel's analysis regarding the frivolous nature of the present appeal is correct. Because we agree with counsel's assessment that this appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2019